13 N.J. Super. 327 (1951)
80 A.2d 336
IN THE MATTER OF THE ESTATE OF FREDERICK L. FULLER, DECEASED.
Superior Court of New Jersey, Essex County Court Probate Division.
Decided April 16, 1951.
*328 Mr. Fredrick J. Waltzinger, appearing for the applicant.
FRANCIS, J.C.C.
Rebecca Bell Erbb was appointed administratrix of the estate of Charles Arthur Bell on December 5, 1950. This appointment followed the entry of judgment by the Surrogate of Essex County declaring Bell, a nonresident of New Jersey, presumptively dead under R.S. 3:42-16. Thereafter the administratrix, who is a daughter of Bell, made this application for an order directing the payment to her by the surrogate of certain moneys previously deposited with him as Clerk of the Probate Division of the Essex County Court by executors of the estate of one Frederick L. Fuller.
*329 The executors of the Fuller estate paid about $4,000 into court because they were unable to locate Charles Bell to whom it was bequeathed under the Fuller will.
The Fuller will bequeathed 2/64 of the residuary estate to Bell, but it provided that if he predeceased the testator the share should go to his surviving issue per stirpes and not per capita.
Fuller died April 29, 1943. Whether Bell's administratrix is entitled to the fund on deposit depends on whether he survived Fuller. If he did not, then his issue would be entitled to claim it.
The surrogate's judgment is not a declaration of death under the statute relating to nonresidents. The surrogate has no authority to do so. His judgment is merely a presumption of the death of the nonresident so that assets in this State may be administered.
All the proof submitted on the application for administration shows that Bell was last heard from on or about May 6, 1931. Under the statute (R.S. 3:42-1) or the common law, therefore, Bell is presumed to have died on May 6, 1938. (Meyer v. Madreperla, 68 N.J.L. 258, 265 (E. & A. 1902)). Therefore it would not be proper to direct the surrogate to pay the fund to the administratrix. The effect of this would be to permit disbursement of one-third of the fund to a non-beneficiary under the Fuller will, namely, the widow of decedent.
Under R.S. 3:26-13 et seq. the court may order the payment of the fund on deposit to a person who seems rightfully entitled to it. Consequently, on a proper application, in view of the state of the record-proof here, it would seem proper to order payment to the two children of Bell, who are his only issue.
Since the institution of the proceeding by the administratrix, the children have filed a petition seeking such an order. This order shall be entered.